STATE OF HAWAII, Plaintiff-Appellee *v.* PAUL K. KUPIHEA, Defendant-Appellant

NO. 5979

and

STATE OF HAWAII, Plaintiff-Appellee *v.* ROBERT R. MARTINEZ, Defendant-Appellant

NO. 5980

JULY 28, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY MENOR, J.

The defendants were convicted of a firearms violation under HRS § 134-6. The defendants appeal from the judgment and sentence of the trial court. At issue is whether the trial court should have suppressed handguns recovered by the police following a stop of the vehicle in which the defendants were riding. These handguns were seen and recovered from the floor of the automobile.

While making an investigative check on a known pimp at his residence at Hawaii Kai, at approximately 11:45 p.m., Officer Wheeler Brown, who was accompanied by Officer Marc Greenwell, noticed three men entering a green Mustang automobile which was parked in one of the apartment

building's parking stalls. The officers testified that as the vehicle was backing out of the stall, they saw the defendants looking in their direction. The defendants (but not the driver) then appeared to assume a crouching position so that their heads disappeared from view. However, after the vehicle had completed its reverse movement and was moving forward, the defendants resumed their upright position. It was at that point that the officers decided to stop the automobile to investigate. Following the stop, Officer Brown saw the weapons with the aid of his flashlight and recovered them from the floor of the automobile.

The seizure of the firearms was proper only if the initial stop was proper. *State v. Ogata,* 58 Haw. 514, 572 P.2d 1222 (1977). We hold that it was not. The police had no prior information linking the occupants of the car with the known pimp, pimping activities, or with any other criminal activity. The defendants' crouching motion, without more, did not constitute a sufficient basis for the stop. *Cf. Sibron v. New York,* 392 U.S. 40 (1968). An investigative stop of an automobile is justified only where the police can point to specific and articulable facts from which they can reasonably infer that criminal activity involving the defendants is possibly afoot. *State v. Ogata, supra.*

Reversed.

*Ernest Y. Yamane (Bicoy & Yamane,* of counsel) for defendants-appellants.

*Lydia Garcia,* Deputy Prosecuting Attorney for plaintiff-appellee.